**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CALIFORNIA ENERGY INVESTMENT CENTER, LLC,<br><br>20400 Stevens Creek Blvd., Suite 700<br>Cupertino, CA 95014<br><br>    *Plaintiff*,<br><br>    v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>20 Massachusetts Avenue, NW<br>Washington, DC 20529<br><br>L. FRANCIS CISSNA, Director, U.S. Citizenship and Immigration Services,<br><br>20 Massachusetts Avenue, NW<br>Washington, DC 20529<br><br>NICHOLAS COLUCCI, Chief of Immigrant Investor Program, U.S. Citizen and Immigration Services,<br><br>131 M Street NE, Mailstop 2235<br>Washington, DC 20529<br><br>and<br><br>ELAINE DUKE, Acting Secretary, U.S. Department of Homeland Security,<br><br>245 Murray Lane, SW<br>Washington, DC 20528-0305<br><br>    *Defendants*. | **PETITION FOR WRIT OF MANDAMUS**<br><br><br>Civil Action No. |

Plaintiff, CALIFORNIA ENERGY INVESTMENT CENTER, LLC, by and through the undersigned attorneys, sues the defendants and allege as follows:

1.      Plaintiff CALIFORNIA ENERGY INVESTMENT CENTER, LLC respectfully brings this petition for Writ of Mandamus seeking an Order directing Defendants to adjudicate Plaintiff's Form I-924 Application (ID1031910100/RCW1524352882) for Regional Center under the Immigrant Investor Program (the "Application"), which it submitted pursuant to the U.S. Citizenship and Immigration Services' ("USCIS") Immigrant Investor Program ("EB-5 Program") on August 26, 2015 seeking project pre-approval for an actual EB-5 capital investment project, the development and construction of the McCoy Solar power facility, a large solar energy plant in Riverside County, California (the "Project").

2.      In the twenty-six (26) months that CEIC's Application has been pending, the Project has been completed, thousands of U.S. jobs have been created, and the plant commenced selling clean solar power to Southern California Edison.  Meanwhile, the USCIS has spun its wheels issuing serial notices of intent to deny, which Plaintiff has promptly responded to with overwhelming evidence of EB-5 program compliance. The delay in adjudication of CEIC's Application is unreasonable as a matter of law and causing damage to the Plaintiff, the two hundred immigrant investors who collectively furnished $100M of funding for the Project (but have also not received adjudication of their related immigration filings), as well as the project builders/owners, NextEra Energy, Inc.

## BACKGROUND

3.      In 1990, Congress enacted the EB-5 Program for "the promotion of economic growth, including increased export sales, improved regional productivity, job creation, and increased domestic capital investment." (Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriation Act of 1993, Pub. Law 102-395, Section 610, 106 Stat. 1828, 1874).

4.      The USCIS administers the EB-5 Program, which creates an employment-based visa preference for applicants who invest a determined sum in a new commercial enterprise ("NCE") which creates at least 10 permanent U.S. jobs per applicant. Investments are pooled in new commercial enterprises that are formed by or affiliated with an approved USCIS-designated regional center. If all EB-5 Program conditions are met, the foreign national can (subject to other standard immigration requirements and background checks) obtain lawful permanent U.S. residence status (colloquially, a "green card").

5.      In its review of the Project, the USCIS ensures that the Project will, if completed as planned, create sufficient U.S. jobs in compliance with the program requirements.

## THE PROJECT

6.      The Project at issue in this case, is a 250 MW photovoltaic solar energy generating facility located on approximately 2,580 acres in eastern Riverside County, California. The total Project budget was $747M, with $100M being from EB-5 immigrant investors. The Project was built and is being operated by NextEra Energy, Inc., and or its affiliates. NextEra is a publicly traded company and one of the largest electric power companies in North America.

7.      The Project fulfills an important infrastructure role in California where utilities are required to deliver 50% of their electricity from clean power sources by 2030.  California's utilities have struggled to meet this expectation.

8.      Thus, the Project is timely and addresses a pressing need to help California meet its legal standards while also creating U.S. jobs and generating clean energy.

9.      The Project construction was completed, and the plant is operational and is selling electricity to California Southern Edison.

10.     The Project is estimated to produce enough solar energy to power 92,000 homes.

11.     By every metric (except the EB-5 Program completion) the Project is a success.

12.     Riverside County Supervisor John J. Benoit commented on the Project stating, "California, and Riverside County in particular, is fortunate to have one of the best solar resources in the country," and further stated, "These projects are evidence of what we can do when we build strong partnerships to develop renewable energy, protect the environment and create good jobs and long-term benefits for our communities."

13.     The EB-5 financing is responsible for the creation of at least 2,000 EB-5 qualifying U.S. jobs in addition to the other benefits of the Project.

## CORPORATE STRUCTURE

14.     California Energy Investment Center, LLC, is a California limited liability company and is the designated EB-5 Regional Center for the Project ("Regional Center").  The Regional Center was formed as a California limited liability company on March 2, 2009. The Regional Center was designated as a regional center by the USCIS on August 12, 2009.

15.     California Energy Investment Fund 2, Limited Partnership ("CEIF 2") is a new commercial enterprise formed on July 25, 2012, for the sole purpose of receiving capital investments from foreign national investors pursuant to the EB-5 Program and loaning the funds to NextEra Energy's affiliates to partially fund the construction and development of the Project. CEIF 2 is a California limited partnership and its principal office is located at 3 Park Plaza, Suite 1470, Irvine, California.

16.     NextEra Energy, Inc., ("NextEra"), is one of the largest electric power companies in North America.  NextEra Energy is a publicly traded Fortune 200 energy company with about 14,700 employees in 30 states.  NextEra Energy, through its wholly-owned subsidiaries utilized

the EB-5 financing provided by the EB-5 loan from CEIF2 to build the Project (together with other funds not at issue).

## PLAINTIFF'S PETITION

17.     Plaintiff filed the I-924 Application seeking USCIS approval of the Project on August 26, 2015.

18.     The I-924 Application presents detailed documentation concerning all aspects of the Project for USCIS approval in compliance with the EB-5 Program, including: corporate structure; financial arrangements; entity agreements; private placement memorandum; economic analysis and job creation evidence.

19.     After sixteen months of review, on December 20, 2016, the USCIS issued a Notice of Intent to Deny ("ITD") the Plaintiff's I-924 Project (the "1st ITD").

20.     ITD's afford applicants the opportunity to submit additional evidence and explanations about their applications to address issues raised by the USCIS in the ITD. The additional evidence and explanations become part of the filing to be considered and adjudicated by USCIS.

21.     Plaintiff submitted a timely response to the 1st ITD on January 24, 2017, responding to each point raised by the USCIS.

22.     On March 30, 2017, after the I-924 Application had been pending for 19 months, Plaintiff made an inquiry to the USCIS Ombudsman concerning the beyond standard processing time of the Application.

23.     On June 1, 2017, Plaintiff made an inquiry to the USCIS Immigrant Investor Program ("IPO") concerning the beyond standard processing time of Application.

24.     On June 2, 2017, the Ombudsman replied to Plaintiff's inquiry and stated that the petition was actively being reviewed.

25.     On June 13, 2017, the IPO replied to Plaintiff's inquiry that, "While our processing times are currently beyond what we would like, USCIS has taken steps to increase capacity and is striving to ensure our commitment to our customers is being met."

26.     On July 21, 2017, the USCIS issued a second Notice of Intent to Deny (the "2nd ITD"), which seemed to accept the first response, but raised several new objections that were not raised in the 1st ITD.

27.     Upon information and belief, the Plaintiff addressed all issues raised in the 1st ITD to the satisfaction of the USCIS.

28.     Plaintiff timely filed its response to the 2nd ITD on August 22, 2017.

29.     Not having received an adjudication after filing the second response, Plaintiff made number of additional inquiries to the Ombudsman and IPO.

30.     For example, on September 22, 2017, Plaintiff made inquiry to the IPO regarding the Application.

31.     On September 25, 2017, the IPO responded and acknowledged that its "processing times are currently beyond what we would like . . ." and stated that the USCIS had taken steps to increase its capacity but to date no adjudication has been rendered.

32.     To date, Plaintiff USCIS has not finally adjudicated the I-924 Application, which has been pending for longer than 26 months.

## DEFENDNANTS

33.     The United States Citizenship and Immigration Services ("USCIS") is the agency responsible for adjudicating Form I-924 Applications relating to the Plaintiff's project, which in

turn is the basis for foreign national investors' pursuit of conditional and unconditional permanent residence in the fifth employment-based preference under INA § 203(b)(5), 8 U.S.C. § 1153(b)(5). USCIS maintains the ultimate responsibility within the federal government for adjudicating cases under the Immigrant Investor Program including decisions regarding Form I-924 Applications and individuals' related I-526 Petitions, such as Plaintiff's I-924 Application and the 100 plus associated I-526 Petitions.

34.     L. FRANCIS CISSNA, is Director of the U.S. Citizenship and Immigration Services, and is sued in his official capacity only. The USCIS is the component of the Department of Homeland Security that is responsible for adjudicating the Plaintiff's I-924 Application .

35.     ELAINE DUKE, is Acting Secretary of the U.S. Department of Homeland Security, and is sued in her official capacity only.  DUKE is charged with the administration of the United States Citizenship and Immigration Services (USCIS) and implementing the Immigration and Nationality Act (8 CFR § 2.1).

36.     NICHOLAS COLUCCI is the Chief of IPO and is sued in his official capacity only. The IPO is charged with the administration of the Immigration and Nationality Act and the adjudication of filings submitted as part of the EB-5 Program.  Plaintiff's I-924 Application is currently pending at the IPO.

## JURISDICTION AND VENUE

37.     Jurisdiction of the Court is predicated upon 28 USC §§ 1331 and 1346(a)(2) in that the matter in controversy arises under the Constitution and the laws of the United States, and the United States is a Defendant. This Court also has jurisdiction over the present action pursuant to 28 USC § 2201, the Declaratory Judgment Act; 5 USC § 702, the Administrative Procedures

Act provisions enabling judicial review of agency action; and 28 USC § 1361, regarding an action to compel an officer of the United States to perform his or her duty.

38.     Venue is proper in this District under 28 USC § 1391(e), because the Defendants are officers or employees of the United States acting in their official capacities in this district.

## FIRST CAUSE OF ACTION – WRIT OF MANDAMUS

39.     Defendants owe Plaintiff a duty to adjudicate the Application.

40.     The adjudication of the Application is a nondiscretionary duty imposed upon Defendants by statute and / or regulation.

41.     Defendants owe Plaintiff a duty to adjudicate the Application in a timely manner.

42.     Defendants have failed and refused to adjudicate the Application.

43.     Defendant's delay is unreasonable.

44.     Plaintiff has exhausted all available remedies through multiple inquiries into the status of the Application.

45.     Based on the foregoing, Defendants have failed to carry out their duties and obligations under the law and the Plaintiff is entitled to an order directing Defendants to adjudicate its Application forthwith.

## SECOND CAUSE OF ACTION – ADMINISTRATIVE PROCEDURE ACT

46.     Defendants are obligated to adjudicate applications submitted to them in a reasonable time by the Administrative Procedures Act, 5 U.S.C. § 555(b).

47.     Defendants have failed to perform their statutory duty to timely adjudicate applications presented to them under the Administrative Procedures Act.

48.     Courts may "compel agency action unlawfully held or unreasonably delayed" when the agency action is legally required, pursuant to 5 U.S.C. § 706(1).

49.     The Administrative Procedures Act requires the USCIS to adjudicate the Application.

50.     USCIS does not have the discretion to fail and refuse to adjudicate the Application, thereby abdicating its legal duty to process the Application.

51.     Defendants' failure to adjudicate is arbitrary, capricious and/or motivated by animus.

52.     The USCIS has far exceeded the 180-day processing time deemed by Congress to be reasonable for adjudications of immigration (8 U.S.C. § 1571[6]), and even USCIS' own 20-month stated processing time for Form I-526 Petitions.

53.      As a result of Defendants' failure to comply with the Administrative Procedure Act, Plaintiff has been damaged and has incurred the costs of litigation and reasonable attorneys' fees in preparing this action.

54.     Based on the forgoing, Plaintiff requests an order directing Defendants to adjudicate the Application forthwith.

## PRAYER FOR RELIEF

The Plaintiff requests the Court grant the following relief:

1.     Order Defendants to adjudicate the Application within 30 days or other reasonable period of time as determined by the Court.

2.     Retain jurisdiction during the adjudication of the Application in order to ensure compliance with the Court's orders.

3.     Award reasonable costs and attorneys' fees; and

4.     Grant such other relief as the Court may deem just and proper.

Dated:  10/31/2017
/s/ Ryan C. Posey
Ryan C. Posey (D.C. Bar #1000581)
POSEY LEBOWITZ PLLC
3221 M Street NW
Washington DC 20007
202-524-0123 ext 2
202-810-9009 (fax)

Attorneys for the Plaintiff
CALIFORNIA ENERGY INVESTMENT
CENTER, LLC

Of counsel:

Adam R. Schaye Esq.
Anthony N. Elia, III, Esq.
Miller Mayer LLP
PO Box 6435
Ithaca, NY 14851

*Attorneys\* for the Plaintiff*
\* Not admitted to U.S.D.D.C.